FILED
NOV 25 2026
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEGHAN DECKER,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **CASE 1:24-CV-01506** |
| | § | |
| | § | |
| **MARRIOTT INTERNATIONAL, INC., and STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER EXPEDITED THIRD MOTION TO COMPEL (Dkt. 77), IN RESPONSE TO THE DEFENDANTS OPPOSITION (Dkt. 79)**

Plaintiff Meghan Decker, proceeding pro se, replies to Defendants' opposition (Dkt. 79).

Introduction

Defendants' opposition does not mention Rule 26(e). It argues that the motion is late under Local Rule CV-16(d), that the identity of the person behind the user ID "bdela228" is irrelevant, and that the request to reopen discovery is moot. None of those arguments answers the central point: Defendants have a continuing duty to supplement their response to Interrogatory No. 1, and they have not done so.

Plaintiff does not ask the Court to reopen discovery generally. In light of the Court's ruling on the scheduling deadlines (Dkt. 78), which denied Plaintiff's earlier motion to modify the scheduling order (Dkt. 72) without addressing Rule 26(e), Plaintiff narrows her request to enforcement of Defendants' existing obligations, described in Part VI.

## I. What Defendants Do Not Dispute

1. Defendants' own records show that a user identified as "bdela228" last updated Plaintiff's employee record on September 4, 2023. Defendants describe that user as "listed on company records regarding Plaintiff's employment." (Dkt. 79 at 1; Dkt. 77-1 at 2.)

2. Defendants' Human Resources Director, Nora Aldrete, testified on November 9, 2026 that "bdela228" is an employee identification and that she did not know who the individual is. Defendants repeat this account (Dkt. 79 at 3) and do not dispute it. (Ex. A, Declaration of Meghan Decker.)

3. Defendants have not identified the person in any interrogatory answer, disclosure, or response to Plaintiff's request for admission.

## II. Rule 26(e) Requires Defendants to Supplement, and the Discovery Deadline Does Not Excuse Them

A party that has responded to an interrogatory "must supplement or correct its disclosure or response" in a timely manner if it learns that the response is materially incomplete, and the additional information has not otherwise been made known to the other parties. Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e) contains no exception for the close of discovery. Its enforcement mechanism, Rule 37(c)(1), operates at summary judgment and trial.

Interrogatory No. 1 asks Defendants to "[i]dentify all persons you believe to have knowledge of relevant facts in this case or its subject matter, including a description of the issues upon which you believe they have knowledge." (Ex. B (excerpt) at 13.) A person who edited Plaintiff's employee record has knowledge of how that record was kept and changed. That subject is part of this case. Defendants acknowledge that Plaintiff's personnel records were lost (Dkt. 76 at 8), and Defendants argue that Plaintiff never told Ms. Aldrete about her disability

(Dkt. 76 at 3). What Defendants' HR system recorded about Plaintiff's disability disclosures, and who changed her record, bears directly on those arguments.

Defendants answer that Plaintiff has "known for years" that the user ID exists. (Dkt. 79 at 3.) Knowing that an ID appears on a screen is not knowing who holds it. Rule 26(e)(1)(A) asks whether the corrective information "has not otherwise been made known," and the person's identity has not been made known. An interrogatory answer must be "answered separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3), and a corporate party must answer with the information available to it after reasonable inquiry. The holder of an employee ID is recorded in Defendants' own HR system. That one HR director cannot name the person does not excuse the company from looking. Defendants' own witness Jill O'Neal, the former W Austin HR Director, recognized her own prior employee ID on an HRIS screenshot of changes to Plaintiff's employment record when she was deposed on November 5, 2026. That shows these IDs belong to identifiable people and that Defendants can identify the person behind "bdela228."

III. Defendants' "Speaks for Itself" Response Does Not Comply with Rule 36

Plaintiff asked Defendants to admit that the individual associated with "bdela228" edited her personal details on September 4, 2023. Defendants answered that "the document speaks for itself." (Dkt. 77-1, Ex. 3 (page 3 of Defendants' Objections and Answers to Plaintiff's First Set of Requests for Admission, served January 5, 2026, and not supplemented).) Rule 36(a)(4) requires a response that "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it," and a lack-of-knowledge response is allowed only after reasonable inquiry. A "speaks for itself" answer does neither. An evasive or incomplete answer "must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4). The Court may order an amended answer. Fed. R. Civ. P. 36(a)(6).

## IV. Local Rule CV-16(d) Does Not Bar This Motion

The motion was filed on November 13, 2026, within 14 days of the October 30 discovery deadline, as Defendants acknowledge. (Dkt. 79 at 3.) Even if the rule's second condition is not met, the rule applies "[a]bsent exceptional circumstances," and they are present here:

- Ms. Aldrete's deposition took place after the deadline, by agreement, as Defendants themselves state. (Dkt. 79 at 3.) Plaintiff learned that Defendants' own HR director cannot identify the person only at that deposition. Ms. O'Neal's deposition on November 5, 2026 also took place after the deadline.

- Plaintiff conferred with Defendants' counsel the next day, November 10, and filed within four days. (Dkt. 77.)
- The information is exclusively in Defendants' possession.

- The relief now requested is a single identification, not new discovery. Plaintiff's Request for Production No. 1, as clarified in her Second Memorandum (Dkt. 60) and in her September 11, 2026 email, also seeks status changes and records of the 'changes that were made to her personnel file without her knowledge,' as Defendants themselves quote (Dkt. 63 at 2 n.1, 3), so the September 4, 2023 edit falls within a request Defendants have had for months.

In any event, Rule 26(e) is a duty that Defendants owe independently of any motion. The Court's order denying Plaintiff's earlier motion to modify the scheduling order (Dkt. 78) did not address Rule 26(e), and Plaintiff's narrowed request does not ask to extend any scheduling-order deadline.

## V. The Request Is Relevant and Proportional

Defendants call Plaintiff's motion "pure conjecture" and a "fishing expedition." (Dkt. 79 at 4.) Plaintiff clarifies what she is and is not asking. Her motion described her understanding that the edit removed a disability disclosure. She does not ask the Court to decide that question now. The record, which Defendants do not dispute, shows:

- The Name section of Plaintiff's employee record was last updated on September 4, 2023 by "bdela228," and the Demographic Info section was last updated on April 6, 2021 by "anonymous." (Dkt. 77-1 at 2.)
- Ms. Aldrete testified that demographic information is entered by the employee and is not updated by HR representatives, and that she did not know who updated Plaintiff's record. (Ex. A ¶ 4.)

Identifying one user ID is a minimal burden. It is the first step in learning what was changed and why, and it is not a "fishing expedition."

## VI. Narrowed Relief Requested

Plaintiff asks the Court to:

1. Order Defendants, within seven days, to serve a sworn supplemental answer to Interrogatory No. 1 and supplemental Rule 26(a)(1) disclosures identifying the person associated with user ID "bdela228" by name, job title, department, and dates of employment, and describing the subjects on which that person has knowledge.

2. Order Defendants, within seven days, to serve an amended response to Plaintiff's request for admission regarding the September 4, 2023 edit, as required by Rule 36(a)(4) and (a)

(6). "The document speaks for itself" is NOT a proper response of objection to a request for Admission.

3. In the alternative, under Rule 37(c)(1), preclude Defendants from using any information or testimony from the person associated with "bdela228," or any evidence about the September 4, 2023 edit, at summary judgment or trial.
4. Treat Plaintiff's requests in Dkt. 77 to reopen discovery for thirty days, to take a deposition, and for a hearing as withdrawn, without prejudice to seeking appropriate relief if the identification shows that the person has relevant knowledge. This withdrawal applies to Dkt. 77 only. It does not withdraw the request for a hearing, or any other relief, in Plaintiff's Second Motion to Compel (Dkt. 60) and her reply (Dkt. 67), which remain pending.
5. Grant any other relief the Court finds just.

Respectfully Submitted,

*/s/ Meghan Decker*

Meghan Decker
1705 Emilie Ln. Apt. B
Austin, Texas 78731
(808)829-0006
me.decker26@gmail.com

**PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, I filled the foregoing *PLAINTIFF'S REPLY IN SUPPORT OF HER EXPEDITED THIRD MOTION TO COMPEL (Dkt. 77), IN RESPONSE TO THE DEFENDANTS OPPOSITION (Dkt. 79)* with Clerk of Court in person and notification of such filing will be sent to all parties on record via CM/ECF on November 25, 2026 as follows:

**VIA CM/ECF and Email**

FordHarrison LLP
Kevin S. Little
1221 McKinney Street, Suite 4100
Houston, Texas 77010
(713) 832-2911
klittle@fordharrison.com

**VIA CM/ECF and Email**

FordHarrison LLP
Carli L. Smith
1601 Elm Street, Suite 4000
Dallas, Texas 75201
CLSmith@fordharrison.com

*/s/ Meghan Decker*
Meghan Decker

# Exhibit A:

# Declaration of Meghan Decker

I, Meghan Decker, declare as follows:

1. I am the Plaintiff in this case. I am over eighteen years old and competent to make this declaration. I make it from personal knowledge.
2. On November 9, 2026, I took the deposition of Defendants' Human Resources Director, Nora Aldrete. As of the date of this declaration, I have not received the transcript. I will file the relevant excerpts when I receive it.
3. To the best of my recollection, Ms. Aldrete testified that "bdela228" was a user she could not identify, and that she did not know who the individual associated with that user ID is.
4. To the best of my recollection, Ms. Aldrete testified that an employee's demographic information, including disability status, is entered by the employee and is not changed by HR representatives; it appears in the employee's record. When I showed her the screenshot of my record (Dkt. 77-1 at 2), she testified that she did not know who the user is. The demographic section of that page shows no disability disclosure.
5. Defendants have not identified the person associated with "bdela228" in any interrogatory answer, supplemental disclosure, or response to my request for admission. On November 10, 2026, I emailed Defendants' counsel to ask that Defendants supplement their responses, and they declined. (Dkt. 77-1, Ex. 2.)
6. On November 5, 2026, I deposed Defendants' witness Jill O'Neal, and to the best of my recollection she identified, on a screenshot of changes to my employment record in Defendants' HRIS, a user ID as her own previous employee ID.
7. Dkt. 77-1 at 2 is a true copy of a screenshot of my employee record page captured by me on March 17, 2024.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on Nov. 25, 2026, 2026.

Meghan Decker

Meghan Decker

# Exhibit B:

**Page 13 of the Plaintiff's FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION with the certificate of service (highlighted for convenience)**

**REQUESTS FOR ADMISSION NO. 20:** Admit that you did not provide Meghan with FMLA or COBRA and that you failed to provide her instructions to access FMLA and COBRA. (Exhibit 6, Bates0000059, 0000064)

**RESPONSE:**

**REQUESTS FOR ADMISSION NO. 21:** Admit that Meghan was an exceptional employee who had been nominated for employee of the month three times for which she won once.

**RESPONSE:**

**REQUESTS FOR ADMISSION NO. 22:** Admit that Meghan had no record of complaints from management or other employees, and that she had never been written up.

**RESPONSE:**

**REQUESTS FOR ADMISSION NO. 23:** Admit that you defamed Meghan.

**RESPONSE:**

**REQUESTS FOR ADMISSION NO. 24:** Admit that Meghan does not owe you attorney fees or damages.

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 1** Identify all persons you believe to have knowledge of relevant facts in this case or its subject matter, including a description of the issues upon which you believe they have knowledge.

**INTERROGATORY NO. 2** Identify all materials and documents you expect to support your claims or defenses in this case.

**INTERROGATORY NO. 3** If you denied a request for admission in this set of discovery, identify the number of the request for admission and all facts that support your denial.

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I emailed the foregoing ***First Set of Requests for Admissions, Interrogatories, and Requests for Production*** to all parties on record via Email as follows:

**VIA Email**

FordHarrison LLP
Kevin S. Little
1221 McKinney Street, Suite 4100
Houston, Texas 77010
(713) 832-2911
klittle@fordharrison.com

**VIA Email**

FordHarrison LLP
Buena Vista Lyons and Carli L. Smith
1601 Elm Street, Suite 4405
Dallas, Texas 75201
CLSmith@fordharrison.com

*/s/ Meghan Decker*
Meghan Decker

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEGHAN DECKER,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **CASE 1:24-CV-01506** |
| **MARRIOTT INTERNATIONAL, INC., and STARWOOD HOTELS & RESORTS WORLDWIDE LLC** | § | |
| **Defendant.** | § | |

**<u>Order on Plaintiff's Expedited Third Motion to Compel (Dkt. 77)</u>**

Before the Court is Plaintiff Meghan Decker's Expedited Third Motion to Compel Disclosure and Discovery (Dkt. 77), Defendants' response (Dkt. 79), and Plaintiff's reply. Having considered the motion, the briefing, and the applicable law, the Court GRANTS the motion to the extent stated below.

IT IS ORDERED that, within seven (7) days of this Order, Defendants shall:

1. Serve a sworn supplemental answer to Plaintiff's Interrogatory No. 1, and supplemental disclosures under Federal Rule of Civil Procedure 26(a)(1), identifying the person associated with the user ID "bdela228" by name, job title, department, and dates of employment, and describing the subjects on which that person has knowledge; and

2. Serve an amended response to Plaintiff's request for admission asking Defendants to admit that the individual associated with "bdela228" edited Plaintiff's personal details on September 4, 2023, as required by Federal Rule of Civil Procedure 36(a)(4).

IT IS FURTHER ORDERED that Plaintiff's requests in Dkt. 77 to reopen discovery for thirty days, to conduct a deposition, and for a hearing on that motion are WITHDRAWN. This Order does not affect the requests for relief in Plaintiff's Second Motion to Compel (Dkt. 60) and her reply (Dkt. 67).

IT IS SO ORDERED.

SIGNED on ____________________________, 2026.

______________________________

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE